UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUIS CRUZ LOPEZ, individually and on behalf of all others similarly situated,

                        Plaintiff,

-against-

SWR UNLIMITED INC. and DEBORAH ROBERTS,

                        Defendants.
------------------------------------------------------------------------X

CIVIL ACTION

COMPLAINT

Plaintiff Luis Cruz ("Cruz" or "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, SWR Unlimited Inc. ("SWR") and Deborah Roberts ("Roberts") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through its employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the state of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

9. Defendant SWR is a domestic corporation with its principal place of business located at 292 Duffy Ave, Hicksville, New York 11801.

10. SWR provides demolition and excavation services, including gutting interiors of houses, demolition of entire houses, dormer prep, job site clean-up, digging foundations, and other contractor services.

11. At all relevant times, SWR was or is a business or enterprise engaged in interstate commerce, employing more than two employees and earning gross annual sales over $500,000.00.

12. Defendant Roberts is an individual residing, upon information and belief, in the state of New York.

13. At all relevant times, Roberts was an officer, director, shareholder, and/or person in control of SWR, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

14. At all relevant times, Roberts exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer under the FLSA and NYLL.

15. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiff.

16. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

17. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

18. The FLSA Collective Plaintiffs consist of approximately eight (8) to ten (10) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

19. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to compensate its employees with overtime wages for all hours worked in excess of forty (40) per week.

20. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

21. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

22. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Plaintiff's Factual Allegations

23. Defendants employed Plaintiff as a machine operator from in or around 1999 until on or around December 19, 2019.

24. As a machine operator, Plaintiff's principal job responsibilities included, *inter alia*, operating various construction equipment, loading and unloading cement, providing demolition services, and cleaning job sites.

25. Plaintiff's principal job duties did not require; the performance of office or non-manual work directly related to the management or general business operations of SWR or SWR's customers; or the exercise of discretion and independent judgment with respect to matters of significance.

26. At no time did Plaintiff have the authority to hire, fire, or discipline employees, nor did he make suggestions or recommendations as to the hiring or firing of other employees.

27. From in or around 1999 until in or around February 2004, Defendants employed Plaintiff as a part-time employee, and Plaintiff worked approximately twenty (20) hours per week.

28. From in or around March 2004 until on or around December 19, 2019, Plaintiff regularly worked Mondays through Fridays from approximately 7:00 a.m. to approximately 4:00 p.m., with a thirty (30) minute break each day, for a total of approximately forty-two and one half (42.5) hours worked per week.

29. In addition to the aforementioned work hours, Plaintiff was also required to work on Saturdays two (2) to three (3) times per month from approximately 8:00 a.m. to 4:00 p.m., with a thirty (30) minute break on each Saturday worked, for a total of fifty (50) hours worked per week on weeks when Plaintiff was required to work on Saturdays.

30. Throughout Plaintiff's employment, Defendants neither tracked the hours Plaintiff worked nor required Plaintiff to record his time.

31. From in or around June 2013 until in or around May 2015, Defendants compensated Plaintiff at a rate of $150.00 per day for all hours worked, and failed to compensate Plaintiff with overtime premiums for all hours worked in excess of forty (40) hours per week.

32. From in or around June 2015 until in or around May 2017, Defendants compensated Plaintiff at a rate of $160.00 per day for all hours worked, and failed to compensate Plaintiff with overtime premiums for all hours worked in excess of forty (40) hours per week.

33. From in or around June 2017 until on or around December 19, 2019, Defendants compensated Plaintiff at a rate of $170.00 per day for all hours worked, and failed to compensate Plaintiff with overtime premiums for all hours worked in excess of forty (40) hours per week.

34. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL and was entitled to overtime wages for all hours worked in excess of forty (40) per week.

35. Despite regularly working in excess of forty (40) hours per week, Plaintiff was not paid the requisite overtime wages for any hours he worked in excess of forty (40) per week.

36. Furthermore, Plaintiff did not receive a payroll notice at the time of hire, or at any time thereafter, containing his rates of pay, the designated payday, or any other information required by NYLL § 195(1).

37. Defendants further failed to furnish Plaintiff, with each wage payment, a statement listing Plaintiff's regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

38. Defendants violated federal and state law by willfully failing to pay Plaintiff overtime wages to which Plaintiff was entitled; and by failing to provide Plaintiff with the required wage statements and payroll notices pursuant to NYLL §§ 195(1) and (3).

39. Throughout Plaintiff's employment, Defendants paid Plaintiff his compensation partially by check and partially in cash.

40. The compensation provided to Plaintiff by check was paid at $250.00 per week, and the remainder of Plaintiff's compensation was provided to Plaintiff entirely in cash.

41. Defendants issued Internal Revenue Service ("IRS") W-2 Forms to Plaintiff for the tax years 2014, 2015, 2016, 2017, 2018, and 2019 that only reflected the wages Defendants paid to Plaintiff via check during each such year.

42. As a result, the W-2 Forms that Defendants issued to Plaintiff for tax years 2014, 2015, 2016, 2017, 2018, and 2019 did not reflect all wages that Defendants paid to Plaintiff during each such year.

43. Upon information and belief, Defendants filed the W-2 Forms issued to Plaintiff for the tax years 2014, 2015, 2016, 2017, 2018, and 2019 with the IRS.

44. Defendants willfully filed false information returns with the IRS as to Plaintiff's wages, in violation of 26 U.S.C. § 7434.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

45. Plaintiff repeats and realleges all prior allegations.

46. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) per week.

47. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

48. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rate of pay for each hour worked in excess of forty (40) per week.

49. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

50. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

51. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of Plaintiff's and the FLSA Collective Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Overtime Violations under the NYLL)*

52. Plaintiff repeats and realleges all prior allegations.

53. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

54. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

55. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours per week.

56. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

57. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

58. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Timely Pay Wages under the NYLL)*

59. Plaintiff repeats and realleges all prior allegations set forth above.

60. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

61. During the relevant time period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

62. During the relevant time period, Defendants failed to timely pay Plaintiff all his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

63. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

64. Throughout the relevant time period, Defendants failed to pay Plaintiff all wages earned by Plaintiff, including overtime wages earned for all hours worked in excess of forty (40) per week, in violation of NYLL § 191(1)(a)(i).

65. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

66. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Payroll Notices under the NYLL)*

67. Plaintiff repeats and realleges all prior allegations.

68. Defendants failed to furnish to Plaintiff at the start of his employment, or at any time thereafter, a notice containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by Defendants; and any other information required by NYLL § 195(1).

69. As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

70. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the form of liquidated damages amounting to $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Wage Statements under the NYLL)*

71. Plaintiff repeats and realleges all prior allegations.

72. Throughout the relevant period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: Plaintiff's rate or rates of pay and basis thereof; the number of regular and overtime hours Plaintiff worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and Plaintiff's net wages, in violation of NYLL § 195(3).

73. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

74. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the form of liquidated damages amounting to $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Fraudulent Filing of Information Returns Under 26 U.S.C. § 7434)*

75. Plaintiff repeats and realleges all prior allegations.

76. Throughout the relevant period, Defendants paid Plaintiff his wages partially by check and partially in cash.

77. Defendants provided Plaintiff with copies of the W-2 Forms that Defendants filed with the IRS each calendar year, which reflected only Plaintiff's wages that were paid by check.

78. An IRS W-2 Form is an information return as defined by 26 U.S.C. § 6724(d)(1).

79. Defendants were aware of their duty to accurately report to the IRS all wages paid to Plaintiff.

80. Defendants were aware that the W-2 Forms did not reflect wages paid in cash to Plaintiff.

81. Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing W-2 Forms with false information regarding the wages paid to Plaintiff, thereby decreasing Defendants' tax liability.

82. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff is entitled to damages for each such fraudulent return in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff for each fraudulent information return, costs of the action, and reasonable attorneys' fees.

83. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff for each fraudulent information return, costs of the action, and reasonable attorneys' fees.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for damages in the amount equal to the greater of $5,000.00 for each fraudulent information return or the sum of any actual damages sustained by Plaintiff and all reasonable attorneys' fees in an amount to be determined by this Court;

g) Interest;

h) Costs and disbursements; and

i) Such other and further relief as is just and proper.

Dated: New York, New York
October 15, 2020

                                                */s/ Katherine Morales*
                                                Katherine Morales
                                                KATZ MELINGER PLLC
                                                280 Madison Avenue, Suite 600
                                                New York, New York 10016
                                                (212) 460 - 0047
                                                kymorales@katzmelinger.com
                                                *Attorneys for Plaintiff*